# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

_____X
In re:                              :
                                    :
Indicon, Inc.,                      :     Chapter 11
                                    :     Case No. 04-51376
        Debtor.                     :
_____X
Vanguard Products Corporation,      :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :     Adv. Pro. No. 11-5133
                                    :
Kimi Citrin; Omni Solo, Inc.;       :
Joseph Tesoriere; Lisa Kent, Esq;   :
Stephen J. Curley; Tridak, LLC;     :
Dymax Corporation; and Indicon, Inc.,:
                                    :
        Defendants.                 :
_____X

*Appearances:*

Irve J. Goldman, Esq.              :     For Vanguard Products Corp.
Pullman & Comley, LLC              :
850 Main St., P.O. Box 7006        :
Bridgeport, CT                     :
                                   :
Joseph L.A. Tesoriere              :     Defendant, *Pro Se*
327 Riverside Ave.                 :
Westport, CT                       :
                                   :
Robert A. Schrage, Esq.            :     For Defendant Omni Solo, Inc.
2 Corporate Dr., Ste. 234          :
Shelton, CT                        :

### MEMORANDUM OF DECISION AND ORDER
### GRANTING DEFENDANT TESORIERE'S RULE 12(B)(1) LETTER MOTION

On May 20, 2011, the plaintiff, Vanguard Products Corporation ("Vanguard"), filed an amended complaint,[1] seeking, among other things, to recover money for an alleged

---

[1] The original complaint was filed on May 9, 2011.

breach of a commercial lease with the debtor.  On August 1, 2011, the defendant Joseph L.A. Tesoriere ("Tesoriere"),[2] filed, in the form of a letter, a motion "pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the adversary proceeding as to me . . ." (ECF No. 50 at 1.)  For the reasons that follow, Tesoriere's motion is granted.

## BACKGROUND

On November 30, 2004, the debtor commenced its chapter 11 bankruptcy case.  At that time, Vanguard was the debtor's landlord on a five-year commercial lease on property located at 144B Old Brookfield Road in Danbury, Connecticut.  While the debtor disclosed the lease (see Schedule G - Executory Contracts and Unexpired Leases (ECF No. 16, p.22)), it was never assumed or rejected.[3]  On October 27, 2006, the debtor extended the lease with Vanguard for another five-year period (hereafter, the "Extended Lease"), but, without the knowledge or approval of the court.  Vanguard claims it had no knowledge of the debtor's bankruptcy.  It is undisputed that Vanguard was not included as a creditor in the schedules accompanying the debtor's petition or in its initial mailing matrix.  It was not until the case was reopened, on January 28, 2010, that Vanguard was added as a creditor in the case.  Therefore, Vanguard was not given notice of the deadline for filing proofs of claim.

On May 23, 2008, the debtor filed a disclosure statement (see ECF No. 230).  On July 21, 2008, it filed a plan of reorganization (see ECF No. 233; hereafter, "Plan").  The disclosure statement was approved on July 21, 2008.  (See ECF No. 234.)  Its Plan was confirmed on August 21, 2008.  (See ECF No. 243.)  The Plan contained a provision regarding the retention of jurisdiction, which stated, inter alia:  "The Bankruptcy Court retains jurisdiction of this Case, pursuant to the provisions of Chapter

---

[2]  While not relevant to the matter under consideration, the court notes that during the debtor's bankruptcy, Tesoriere acted as its chief restructuring officer, and his employment as such was never approved by the court.

[3]  The court notes that under the debtor's Plan:  "Any executory contract or lease not expressly assumed, or which is not the subject of a pending application to assume, on the Confirmation Date, shall be deemed rejected." (Plan, Art. VIII, § 9.1.)

11 of the Bankruptcy Code, *until entry of a final Decree* as set forth in Bankruptcy Rule 3022." (Plan, Art. X, Part B, §9.01 (emphasis added)).

The Plan had no provision for the sale of the debtor's property. Yet, on September 15, 2008, with no notice to or authorization from the court, the debtor sold all of its assets to defendant Tridak, LLC, for $135,000.00. On October 29, 2008, the debtor vacated the leased premises. It has not paid the rent and other expenses due to Vanguard under the Extended Lease since that date.

On November 21, 2008, Vanguard initiated an action in the Connecticut state court for breach of the Extended Lease, seeking approximately $113,000 in damages and an application for a prejudgment remedy of attachment ("PJR"). On December 18, 2008, the debtor filed a "Notice of Stay" in that court.

On January 27, 2009, while the PJR was pending, the debtor filed an application for a final decree in this court, *see* Bankruptcy Rule 3022, which was granted on February 10, 2009 (*see* ECF No. 260). The application was silent as to the state court PJR proceeding. The debtor's bankruptcy case was closed the next day.

On May 11, 2009, the state court determined that the PJR proceeding was not stayed by debtor's bankruptcy or the discharge injunction because Vanguard lacked notice of the bankruptcy; therefore, its claim was not discharged. On June 1, 2009, the state court conducted an evidentiary hearing, and, on June 3, 2009, issued a PJR in Vanguard's favor.[4] On July 15, 2009, based on procedural defects, the debtor moved to dismiss the PJR, which was ultimately granted on November 20, 2009.

On January 28, 2010, Vanguard filed a motion to reopen this bankruptcy case, alleging a fraud on the court and the debtor's creditors, including Vanguard (*see* ECF No. 261). The motion was unopposed, and it was granted on February 24, 2010 (*see*

---

[4] Also, on June 3, 2009, the debtor caused dissolution papers to be filed with the Secretary of the State of Connecticut. *See* Filing History for "Indicon Inc.", Filing No. 0003941951, available at: http://www.concord-sots.ct.gov/CONCORD/online; *see also* Secretary of the State of Connecticut, Vol. Type B, Vol. No. 01290, p. 1976. *See, e.g, Penthouse Media Group v. Guccione (In re General Media Inc.)*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005) ("A court may also consider materials outside of the pleadings to resolve any jurisdictional disputes . . . .).

ECF No. 267).

## DISCUSSION

Rule 12(b)(1), made applicable in adversary proceedings by Bankruptcy Rule 7012(b), provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . ."

As noted, on May 9, 2011, which is more than three years after confirmation of the debtor's Plan and the sale of all of its assets; more than two years after the entry of a final decree; and almost two years after the debtor ceased to exist, Vanguard commenced this adversary proceeding against the debtor and others.  Eleven days later, it amended its complaint, alleging various causes of action, including the breach of the Extended Lease by the debtor.  (*See* First Amended Complaint (ECF No. 15).)

Vanguard's amended complaint alleges, *inter alia*:

> 3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(b)(1), (2)(A), (H) and (O), and the order of referral of the United States District Court for the District of Connecticut, dated September 21, 1984.
>
> * * *

(*Id.* at pp. 2-3.[5])

---

[5] Vanguard's complaint further alleges:  "5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O)."  (First Amended Complaint (ECF No. 15).)  However,

> [w]hether a proceeding is core or non-core is beside the point for determining jurisdiction because "[t]hat allocation [of core and non-core] does not implicate questions of subject matter jurisdiction." *Stern v. Marshall*, — U.S. —, 131 S. Ct. 2594, 2607, 180 L. Ed.2d 475 (2011).  So long as a proceeding is one or the other, the Bankruptcy Court possessed subject-matter jurisdiction.

*Ace Am. Ins. Co. & Pac. Employers Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 448 Fed. App'x 131, 136, 2011 WL 5924410, *1 (2d Cir. 2011).

It is well settled that:

> [o]n a motion to dismiss pursuant to Rule 12(b)(1),the plaintiff [*i.e.*, Vanguard] bears the burden of establishing that the court has subject matter jurisdiction over the action. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). In resolving the question of jurisdiction, the court can resolve disputed issues of fact by referring to evidence outside the pleadings. The plaintiff asserting subject matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence. *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002); *Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

*Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 595-96 (S.D.N.Y. 2009). In an adversary proceeding that arises post-confirmation, as here, a party may "invoke the authority of the bankruptcy court to exercise post confirmation jurisdiction if the matter has a close nexus to the bankruptcy plan, and the plan provides for the retention of such jurisdiction." *Ace Am. Ins. Co. & Pac. Employers Ins. Co. v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 448 Fed. App'x 131, 136, 2011 WL 5924410, *2 (2d Cir. 2011) (citations omitted); *see also Penthouse Media Group v. Guccione (In re General Media Inc.)*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005) (instructing that a party invoking a bankruptcy court's post-confirmation jurisdiction must satisfy both requirements). Vanguard has failed to satisfy that two-part test.

By the plain language of the debtor's Plan, this court's jurisdiction ceased upon the issuance of the final decree. *See supra* pp. 2-3. Vanguard, however, appears to advance the fiction that when this case was reopened, the final decree was eradicated, with the result that the court retains jurisdiction. That argument is unavailing. When a case is reopened, it is restored to its status as of the closing date. Here, there was nothing left to administer when the case was reopened. *See supra* p. 3. Therefore, contrary to Vanguard's argument, the final decree remains in effect, *see, e.g., In re Gould*, 437 B.R. 34, 37-39 (Bankr. D. Conn. 2010); Fed. R. Bankr. P. 3022 ed. cmt., so that the express terms of the debtor's confirmed Plan eliminating this court's jurisdiction, *see* Plan, Art. X, Part B, §9.01 (ECF No. 233), also stay in effect.

Even if that were not so, there is no "close nexus" between the resolution of this adversary proceeding and debtor's Plan. To establish the requisite close nexus, the matter must "affect[] the interpretation, implementation, consummation, execution, or administration of the confirmed plan . . ." *General Media*, 335 B.R. at 73 (further citation omitted), *cited with approval*, *DPH Holdings*, 448 Fed. App'x, 2011 WL 5924410 at *2. Resolution of Vanguard's action will do none of those. Here, there is no relationship between the amended complaint and the Plan such that success in the former would affect the latter as described by *General Media*.

### CONCLUSION

Accordingly, finding Vanguard has failed to meet its burden of establishing that this court has post-confirmation subject matter jurisdiction over this adversary proceeding,

IT IS ORDERED that defendant Tesoriere's Rule 12(b)(1) motion is granted.

IT IS FURTHER ORDERED, that, having found it lacks subject matter jurisdiction, the court *sua sponte* dismisses this adversary proceeding as to all other defendants.

Dated this 30th day of March 2012 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge